IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONNIE MICHEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:09-CV-622-A |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

On December 28, 2010, United States Magistrate Judge Jeffrey Cureton issued his proposed findings, conclusions, and recommendation ("F, C, & R") in the above-referenced case. The recommendation is that the decision of defendant, Michael J. Astrue, Commissioner of Social Security, ("Commissioner") that plaintiff, Donnie Michel, is not disabled under the Social Security Act be reversed and that the matter be remanded for further administrative proceedings consistent with the proposed findings and conclusions. Pursuant to 28 U.S.C. § 636, Judge Cureton granted the parties until January 10, 2011, to file and serve written objections to the F, C, & R. Neither party filed an objection. However, the absence of an objection does not relieve the court of its responsibility to make an informed final

determination. See Mathews v. Weber, 423 U.S. 261, 271 (1976). After having reviewed the filings of the parties, the F, C, & R, and applicable legal authorities, the court has decided not to accept Judge Cureton's recommendation.

Plaintiff, in the brief she filed while the action was pending before the Magistrate Judge, defined the issues presented by this appeal as follows:

(1) The ALJ Erred in Finding Plaintiff's Mental Impairment Not Severe.

(2) The ALJ Erred in Failing to Make a Finding Regarding the Severity of Plaintiff's Migraine Headaches.

Pl.'s Br. at 1.

In the F, C, & R, the Magistrate Judge made findings and conclusions agreeing with the first issue presented by plaintiff. He found that the administrative law judge ("ALJ") whose decision became the final decision of the Commissioner failed to acknowledge or discuss several items in the record relating to plaintiff's mental impairments and that the evidence the ALJ failed to consider contradicted the majority of his reasons for finding plaintiff's mental impairments non-severe. These findings led the Magistrate Judge to conclude that the ALJ's decision regarding the severity of plaintiff's mental impairments

is not supported by substantial evidence and that, as a result, remand is required.

As to the second issue raised by plaintiff in her brief, the Magistrate Judge chose not to make any findings and conclusions. Instead, he stated that "[b]ecause the Court is remanding the case so that the ALJ can reconsider his decision at Step Two,[1] the court will not consider the issue of whether the ALJ properly considered evidence relating to [plaintiff's] migraine headaches. The ALJ should consider such evidence on remand." F, C, & R at 16.

The court is puzzled by the Magistrate Judge's conclusion that an error made by the ALJ at Step Two of the sequential evaluation process requires remand in this case. The ALJ did not dispose of plaintiff's claim at Step Two. Rather, he found in favor of plaintiff at Step Two by determining that she has severe impairments in the form of cervical and lumbar sprain. He then went on to find, at Step Five, that plaintiff is not disabled because she retains the ability to perform jobs existing in significant numbers in the national economy. Because the ALJ found for plaintiff at Step Two and proceeded through the

---

[1]The five-step analysis used by the Commissioner to determine whether a claimant is disabled for purposes of the Social Security Act was correctly described by the Magistrate Judge at pages 2 and 3 of the F, C, & R. That description will define what is meant when reference is made to one of the steps in the analysis.

3

remaining steps in the analysis, any error he might have made at Step Two was harmless. As a result, contrary to the Magistrate Judge's conclusion, the ALJ's finding that plaintiff's mental impairments are non-severe is not grounds for remand. See <u>Adams v. Bowen</u>, 833 F.2d 509, 512 (5th Cir. 1987) (claimant's allegation that ALJ erred by finding her impairment not severe was not ground for remand where ALJ adjudicated claim at fourth step of the sequential analysis); <u>Chaparro v. Bowen</u>, 815 F.2d 1008, 1011 (5th Cir. 1987) (claimant's argument that the Secretary applied the wrong standard at Step Two was irrelevant where claim was adjudicated at a later step in the analysis).

What plaintiff is really complaining about in both of the issues she raised on appeal is the ALJ's assessment of her residual functioning capacity ("RFC"). The ALJ assessed plaintiff's RFC to be as follows:

> The claimant is functionally limited by chronic neck and lower back pain. These impairments have caused generally mild to moderate restrictions on her ability to lift heavy objects and ambulate effectively. Accordingly, she is exertionally limited to the light range of work.[2] However, due to moderate lower back

---

[2] According to regulations promulgated by the Commissioner:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range or light work, you

(continued...)

4

> pain, she needs to be given the opportunity to
> occasionally change positions from sitting to standing.
> Due to her alleged neck pain, she is incapable of any
> overhead reaching.

Tr. at 26. Plaintiff contends that the RFC is not supported by substantial evidence because it does not include any limitations resulting from her mental impairments or migraine headaches.

The court concludes that substantial evidence supports the ALJ's RFC finding. Included in the record is a Mental Residual Functioning Capacity Assessment completed by Dr. Cate Miller on August 10, 2006. Dr. Miller noted that plaintiff was no more than moderately limited in any functional area and concluded that plaintiff "can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, & respond appropriately to changes in routine work setting." Tr. at 212. Dr. Miller's opinion as to plaintiff's mental RFC was consistent with the Psychiatric Review Technique form she completed on the same day, in which she noted, <u>inter alia</u>, that plaintiff's alleged limitations resulting from her mental impairments were not supported by the medical and other evidence. <u>Id.</u> at 200. Finally, plaintiff admitted in the hearing before the ALJ that he

---

[2](...continued)
must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

depression and anxiety were generally well-controlled with medication. All of these things consitute evidence supporting the ALJ's determination that plaintiff's RFC was not limited by her mental impairments.

The ALJ was also on solid ground in determining not to include in the RFC any limitations resulting from plaintiff's migraine headaches. The record reveals that, although plaintiff occasionally complained of migraines, the side-effects she experienced were not severe. For example, during a consultative exam with Dr. Neandra Patel on February 28, 2007, plaintiff reported that her migraines were not associated with dizziness or syncope and that they did not cause nausea or vomiting. There is no other evidence indicating that plaintiff's migraines limited her ability to work. The ALJ's decision not to include in the RFC any limitations resulting from plaintiff's migraines is supported by substantial evidence.

For the reasons given above,

The court ORDERS that the decision of the Commissioner be, and is hereby, affirmed.

SIGNED May 6, 2011.

JOHN MCBRYDE
United States District Judge